IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Bankruptcy Matter of:

Raul A. Hoare

Debtor

Bankruptcy No. 16-25461
Judge Jacqueline P. Cox
Chapter: 13

## NOTICE OF MOTION

TO:   Raul A. Hoare, 3230 W. Olive Ave., Chicago, IL 60659
Vasilike B. Akrivos-Hoare, 4N206 Central Avenue, Bensenville, Illinois 60106.
Tom Vaughn, 55 E. Monroe Street, Suite 3850, Chicago, IL 60603
Joseph S. Davidson, 900 Jorie Boulevard, Suite 150, Oak Brook, IL 60523
Patrick S. Layng, Office of the U.S. Trustee, Region 11, 219 S. Dearborn St., Room 873, Chicago, IL 60604

Please take notice on September 12, 2016 at 9:00 a.m., I shall appear before the Honorable Jacqueline P. Cox, in Courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached motion at which time you may appear if you wish.

    /s/ Rocio Herrera
    Rocio Herrera, IL ARDC #6303516

## CERTIFICATE OF SERVICE

I, Rocio Herrera, an attorney certify that I served the attached motion by mailing a copy to the Debtor at the address listed above by depositing the same in the U.S. mail, first class, postage prepaid at 230 W. Monroe St., Chicago, IL 60606 on or before 5:00 p.m. on August 26, 2016. The remaining parties were served by the CM/ECF electronic noticing system.

    /s/ Rocio Herrera
    Rocio Herrera, IL ARDC #6303516

Rocio Herrera
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Bankruptcy Matter of:

Raul A. Hoare

Debtor

Bankruptcy No. 16-25461
Judge Jacqueline P. Cox
Chapter: 13

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CODEBTOR STAY**

NOW COMES Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America (hereinafter "Movant"), through its attorney, Rocio Herrera of Johnson, Blumberg & Associates, LLC, and states as follows:

1. The Debtor and non-filing co-obligor, Vasilike B. Akrivos-Hoare, signed a Note dated January 21, 2010 in the original amount of $185,102.00. Said Note was secured by a Mortgage in the same amount on real property more commonly known as 4N206 Central Avenue, Bensenville, Illinois 60106 (hereinafter, the "Property").

2. Subsequently, the Debtor and non-filing co-obligor defaulted on the terms of the Mortgage and Note and on March 5, 2014, Movant filed a Complaint to Foreclose Mortgage.

3. On January 6, 2016, Movant caused to be entered a Judgment of Foreclosure and Sale pursuant to the above mentioned Complaint to Foreclose Mortgage. (See Judgment of Foreclosure and Sale attached hereto as Exhibit A.)

4. On April 12, 2016, before the filing of this case, a sale was of the Property was held pursuant to the above mentioned Judgment of Foreclosure and Sale. At said sale Movant purchased the Property for $154,700.00.

5. The above-captioned Chapter 13 case was filed on August 8, 2016 and the Debtor's Plan has not yet been confirmed.

6. Pursuant to the Debtor's Bankruptcy Petition and Schedules, the Debtor does not reside at the Property.

7. The proposed plan provides for the Debtor to surrender the Property and as such the Debtor's plan does not provide payment for Movant's secured claim.

8. In this case, a valid sale of the Property was held prior to this case being filed and pursuant to 11 U.S.C.S. § 1322(c)(1), the Debtor's right to cure the default extends only to the sale of the property. Colon v. Option One Mortg. Corp., 319 F.3d 912 (7th Cir. Ill. 2003).

9. Therefore, as the Debtor may no longer cure the default, Movant is entitled to relief pursuant to 11 U.S.C. 362(d).

10. In addition, as the Debtor may no longer cure the default, Movant respectfully, requests that this Honorable Court enter an order modifying the codebtor stay pursuant to 11 U.S.C. §1301(c)(3), as Movant's interest will be irreparably harm by the continuation of the codebtor stay.

11. Movant adopts the facts set forth in the Statement of Default as additional allegations in support of this motion.

12. Movant requests waiver of 14 day stay provision of Bankruptcy Rule of Procedure 4001(a)(3).

WHEREFORE, Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America prays for the entry of an order modifying, annulling or terminating the Automatic Stay instanter to allow foreclosure,

eviction, or any other action with respect to the Movant protecting its rights in the subject property as the Court deems appropriate and for such other relief as the Court deems just.

                /s/ Rocio Herrera
                Rocio Herrera, ARDC #6303516
                Attorney for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America

Rocio Herrera
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE