IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY - WHEATON, ILLINOIS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,<br><br>PLAINTIFF<br>vs.<br>VASILIKE B. AKRIVOS-HOARE; RAUL A. HOARE A/K/A RAUL HOARE; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>DEFENDANTS | NO. 14 CH 450<br>Residential<br>Judge Robert G. Gibson<br><br><br>Address:   4N206 Central Avenue<br>                   Bensenville, Illinois 60106 |

### JUDGMENT OF FORECLOSURE AND SALE

This cause being heard on the complaint and/or any subsequent amendments to such complaint filed herein and on the motion of the Plaintiff, pursuant to Section 2-1301(d) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301(d)) and Section 15-1506(a) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1506(a)) for Default and Judgment; due notice having been served, the defendants herein being duly served by summons and/or by publication or having otherwise submitted to the jurisdiction of this Court, an Order for Default having been entered against said defendants, an Affidavit for Judgment having been filed, and this Court being fully advised, the Court FINDS:

1. It has jurisdiction over the parties to and the subject matter of this lawsuit.

2. That all the material allegations of the Complaint are true and proven, and that by virtue of the Note and Mortgage attached to said Complaint, as established by the Affidavit for Judgment, there is due to the Plaintiff, and it has a valid and subsisting lien upon the property hereinafter described, as follows:

   (a). 
   | | | |
   |---|---|---:|
   | Unpaid principal | $ | 177,388.74 |
   | Accrued interest thereon to January 6, 2016 | $ | 31,932.01 |
   | Advances by Plaintiff | $ | 21,825.44 |
   | Accrued late charges | $ | 0.00 |
   | Attorneys' fees for this lawsuit | $ | 4,200.00 |
   | Costs for this lawsuit | $ | 1,859.00 |
   | Less unapplied funds | $ | 0.00 |
   | **TOTAL** | $ | 237,205.19 |

   (b). ADVANCES: That advances made subsequent to the execution of the affidavit of mortgagee in order to protect the lien of the Judgment and preserve the real estate, such as, but not limited to: real estate taxes or assessments, property inspections, property maintenance, insurance premiums, any other fees, charges and expenses which are recoverable under the terms of the mortgage, and post Judgment attorneys' fees incurred by Plaintiff and not included in this Judgment, but incurred prior to the conclusion of this foreclosure action, shall become an additional indebtedness secured by the judgment lien and bear interest from the date of the advance at the mortgage rate of interest pursuant to 735 ILCS 5/15-1503 and 15-1603.

Exhibit A

3. This Court has reviewed the costs and attorneys' fees in this foreclosure action and finds they were necessarily incurred in connection with the prosecution of this lawsuit and that they are fair, reasonable and customary, and are hereby approved and allowed to the Plaintiff.

4. That the Mortgage described in the Complaint and hereby foreclosed appears of record in the Office of the DuPage County Recorder of Deeds as Document No. r2010-016354 and the property herein referred to and directed to be sold is described as follows:

**LEGAL DESCRIPTION:**

LOT 50 IN FIRST ADDITION TO WOODALE BEING A SUBDIVISION OF PART OF THE SOUTHWEST QUARTER OF SECTION 22, TOWNSHIP 40 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 13, 1925 AS DOCUMENT 187144, IN DU PAGE COUNTY, ILLINOIS.

**COMMON ADDRESS:**

4N206 CENTRAL AVENUE, BENSENVILLE, ILLINOIS 60106

**P.I.N.:**

03-22-311-006

5. The mortgaged real estate is residential property as defined in Section 15-1219 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1219). The period of redemption herein shall end 7 months from the date the last mortgagor, as described herein, was served by summons, publication or submitted him/herself to this Court's jurisdiction or 3 months from the date of entry of this judgment, whichever is later. **The redemption period shall expire on April 7, 2016, unless shortened by further order of this Court.**

6. The mortgage constitutes a valid lien upon real estate and which is prior, paramount, and superior to the rights and interests of all other parties. Upon entry herein, the rights of the Plaintiff shall be secured by a lien upon the mortgaged real estate, which lien shall have the same priority as the mortgage upon which the judgment relates. The lien rights of the Plaintiff and the right, title, interest, claim or lien of any and all parties in this foreclosure shall be terminated upon the confirmation of a judicial sale. The rights and interests of all other parties are subject, subordinate and inferior to the rights of the Plaintiff herein, and are described as follows:

VASILIKE B. AKRIVOS-HOARE as mortgagor and owner of the real estate.

RAUL A. HOARE A/K/A RAUL HOARE as mortgagor and owner of the real estate.

UNKNOWN OWNERS AND NONRECORD CLAIMANTS.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:**

1. <u>JUDGMENT:</u>   A Judgment for Foreclosure and Sale is entered pursuant to 735 ILCS 5/15-1506.

Exhibit A

2. **SALE OF SUBJECT PROPERTY:** That unless, within the time allowed by law, the defendant(s) pay to the Plaintiff the amounts set forth above in paragraph 2 of this judgment, with statutory interest thereon except for interest of attorneys' fees or, if the premises are not redeemed within the time allowed by law as prescribed by Sections 15-1603(b)(d)(e) and (f) of the Illinois Mortgage Foreclosure Law (735 ILCS 15-1603(b)(d)(e) and (f)), and after the expiration of the reinstatement period provided for by Section 15-1602 of the Illinois Mortgage Foreclosure Law (735 ILCS 15-1602), the real estate described above in paragraph 4, with all improvements, fixtures, and appurtenances thereto, or so much of said real estate which may be divisible and sold separately without material injury to the parties in interest, shall be sold at public auction at a public venue by the DuPage County Sheriff, the Selling Officer as designated by this Court. The attorneys for the Plaintiff shall give public notice of the time, place and terms of said sale. The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: (i) (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and (B) separate advertisements in the section of such a newspaper, which may be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public; provided, that the separate advertisements in the real estate section need not include a legal description and that where both advertisements could be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient; and (ii) such other publications as may be further ordered by the court.

Notice of public sale shall be given to all parties in the action who have appeared and have not theretofore been found by the court to be in default for failure to answer or otherwise plead. Such notice shall be given in the manner provided in the applicable rules of court for service of papers other than process of complaint, not more than 45 days nor less than seven (7) days prior to the day of sale. After notice is given as required in this Section, a copy thereof shall be filed in the office of the clerk of the court entering judgment, together with a certificate of counsel or other proof that notice has been served.

That Plaintiff, or any of the parties herein, may become the purchaser at such sale; that if Plaintiff is the successful bidder at said sale, the amount due the Plaintiff, plus all costs, advances and fees hereunder, shall be taken as a credit on its bid. The Selling Officer may adjourn or continue the sale subject to the requirements of Section 5/15-1507(4) (c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1507(4) (c).

3. **TERMS OF SALE:** The real estate shall be sold at public auction to the highest bidder for cash; requiring payment not less than twenty-five percent (25%) at the time of sale and the balance within twenty-four (24) hours plus interest at the statutory Judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment. All payments of the amount bid shall be in cash or certified funds payable to the Selling Officer. In the event the bidder fails to comply with the terms of the purchase as required, then upon demand by the Plaintiff in a notice served on the Selling Officer and the bidder, the funds submitted shall be forfeited to Plaintiff or Plaintiff has the option to have the property sold to the next highest bidder. In the event there is a third party bidder other than Plaintiff, the Selling Officer shall obtain the name, address (other than a post office box), and telephone number of that bidder. Notice by regular mail to the address given by the bidder and to the Selling Officer shall be deemed sufficient notification by the Plaintiff to exercise its option to forfeit the funds. The subject property is offered for sale without any representation as to quality or quantity of title or recourse to Plaintiff.

Exhibit A

4. **PROCEEDS OF SALE:** That out of the proceeds of such sale, the Selling Officer's distribution shall be made in the following order of priority:

   (a). The Selling Officer shall be paid his/her reasonable fees and costs;

   (b). The reasonable expenses of sale.

   (c). The reasonable expenses of securing possession before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, receiver's and management fees and to the extent provided for in the mortgage or other recorded agreement and not prohibited by law, reasonable attorney's fees, payments made pursuant to Section 5/15-1505 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1505) and other legal expenses incurred by mortgagee;

   (d). Out of the remainder of such proceeds, the amount found due to the Plaintiff in the Judgment shall be paid to the Plaintiff.

   (e). If Plaintiff is the successful bidder at said sale, the amount due the Plaintiff, plus all costs, advances and fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as a credit on its bid.

   (f). If any sums remain, the amount found due to defendants(s) set forth in Paragraph 6 above, if any, shall be paid to such defendant in the order of priority as determined by the court. If such defendant is the successful bidder at sale, the amount due to said defendant, plus all costs, advances, fees hereunder with interest incurred between entry of Judgment and confirmation of sale shall be taken as a credit on its bid.

   (g). If the remainder of the proceeds shall not be sufficient to pay the above described amounts and interest, the Selling Officer shall then specify the amount of the deficiency in his/her Report of Sale. The Plaintiff may be entitled to a judgment in personam for the amount of such deficiency against VASILIKE B. AKRIVOS-HOARE; RAUL A. HOARE A/K/A RAUL HOARE and a Memorandum of Judgment may issue to the Plaintiff with the same lien priority as to the underlying mortgage herein foreclosed, without any rights of Homestead. Plaintiff does not seek this personal deficiency judgment if the named party has been discharged in a bankruptcy action and waives the personal deficiency judgment if a discharge is entered after this judgment. If such remainder shall be more than sufficient to pay such amounts and interest, the Clerk of the Court or other party designated by the Court shall hold the surplus subject to the further order of Court.

5. **CERTIFICATE/RECEIPT OF SALE:** Upon the sale of mortgaged real estate, the person conducting the sale shall promptly give a receipt of sale for funds tendered. The Sale Officer, after entry of an order approving sale and upon the request of the successful bidder shall execute and deliver a certificate of sale to the successful bidder and record a duplicate of said certificate in accordance with Section 5/15-1507 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1507. The certificate shall be freely assignable by endorsement thereon.

Exhibit A

6. REPORT OF SALE AND CONFIRMATION OF SALE:

    (a). Report of Sale – The person conducting the sale shall promptly make a report of sale to the Court.

    (b). Hearing – Upon motion and notice in accordance with court rules applicable to motions generally, the Court shall conduct a hearing to confirm the sale. The Court shall then enter an order confirming the sale, which order shall include a judgment for possession which judgment shall become effective thirty (30) days after entry. The confirmation Order may also:

        (1). Approve the mortgagee's fees, costs and additional advances arising between the entry of the judgment of foreclosure and the confirmation hearing.

        (2). Provide for a personal judgment against any party for a deficiency; and

        (3). Determine the priority of the judgments of parties who deferred providing the priority pursuant to subsection (i) of Section 5/15-1506 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1506(i)), but the Court shall not defer confirming the sale pending the determination of such priority.

7. REDEMPTION BY THE UNITED STATES OF AMERICA: If the United States is a party to this action by virtue of a lien of the Internal Revenue Service, the United States shall have 120 days from the date of sale within which to redeem the property from the sale. If the United States is otherwise a party to this action, the United States shall have one year from the date of sale to redeem.

8. SPECIAL REDEMPTION: That upon judicial sale of residential real estate to the mortgagee who is a party to this foreclosure or its nominee for a sale price less than the amount required to redeem as specified in Section 5/15-1603(d) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1603(d)), an owner of redemption as specified in Section 5/15-1603(a) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1603(a)) shall have a special right to redeem for a period ending 30 days after the date the sale is confirmed. Redemption shall be made by paying the amount required by and in conformity with the procedures specified in Section 5/15-1604 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1604). Property so redeemed shall be subject to a lien for any deficiency remaining with the same lien priority as the underlying mortgage herein foreclosed, without any rights of homestead.

9. JUDICIAL DEED: That upon confirmation of the sale, payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the party conducting said sale shall execute and deliver to the holder of the certificate of sale or if no certificate has been issued, then to the holder of the receipt of sale or the assignee thereof, a deed sufficient to convey title; said conveyance shall be an entire bar to all claims of the parties to the foreclosure and all persons claiming thereunder and all claims of UNKNOWN OWNERS and any NONRECORD CLAIMANTS; that thereupon, the grantee in such deed, or legal representative or assign, be let into possession of the premises.

10. That the parties hereto who shall be in possession of said premises, or any part thereof, including leaseholders, or any person who may have come into such possession under them or any of them, since the inception of the mortgage or commencement of this suit, shall upon presentment of said Judicial Deed of Conveyance, surrender possession of said premises to said grantee, his representative or assigns, and in default of so doing, an Order of Possession shall issue.

Exhibit A

11. The Court hereby retains jurisdiction of the subject matter of this cause, and of all the parties hereto, for the purpose of enforcing this judgment and appointing or continuing a Receiver herein at any time during the period of redemption.

DATED: 1/6/16

ENTER: /s/ Gibson

Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711
JB&A # IL 14 9616
DuPage County No.: 182011

Exhibit A

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY - WHEATON, ILLINOIS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, <br><br> PLAINTIFF <br> vs. <br> VASILIKE B. AKRIVOS-HOARE; RAUL A. HOARE A/K/A RAUL HOARE; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, <br><br> DEFENDANTS | NO. 14 CH 450 <br> Residential <br> Judge Robert G. Gibson <br><br><br> Address:   4N206 Central Avenue <br> Bensenville, Illinois 60106 |

### SUMMARY JUDGMENT ORDER

This matter coming to be heard on motion of the Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, by and through its attorneys, Johnson Blumberg & Associates, LLC, for summary judgment against Defendant RAUL A. HOARE A/K/A RAUL HOARE, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that this Court finds there are no genuine issues of any material fact as to Plaintiff's cause of action against Defendant RAUL A. HOARE A/K/A RAUL HOARE, and Plaintiff is therefore entitled to a judgment as a matter of law against said Defendant RAUL A. HOARE A/K/A RAUL HOARE, . This judgment shall be included in the Judgment for Foreclosure Order being entered contemporaneously with this order.

DATED: 1/6/16

ENTER: /s/ Gibson

Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711
JB&A # IL 14 9616
DuPage County No.: 182011

Exhibit A

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DUPAGE COUNTY - WHEATON, ILLINOIS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA,<br><br>PLAINTIFF<br>vs.<br>VASILIKE B. AKRIVOS-HOARE; RAUL A. HOARE A/K/A RAUL HOARE; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>DEFENDANTS | NO. 14 CH 450<br>Residential<br>Judge Robert G. Gibson<br><br><br><br>Address: 4N206 Central Avenue<br>Bensenville, Illinois 60106 |

**DEFAULT ORDER**

This cause coming to be heard on the motion of the Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA, by and through its attorneys, Johnson Blumberg & Associates, LLC, for the entry of an order of default pursuant to Section 2-1301(d) of the Illinois Code of Civil Procedure (735 ILCS 5/2-1301(d)), due notice having been served, and this Court being fully advised;

IT IS HEREBY ORDERED that the Defendants VASILIKE B. AKRIVOS-HOARE; UNKNOWN OWNERS AND NONRECORD CLAIMANTS are in default.

Plaintiff will mail a copy of this order to the mortgagor within 7 days

DATED:  1/6/16

ENTER:  /s/ Gibson

Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711
JB&A # IL 14 9616
DuPage County No.: 182011

Exhibit A